United States Court of Appeals
Fifth Circuit

**F I L E D**

**June 28, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

———————————————

No. 03-51353
Summary Calendar

———————————————

LOIS M. BROWN; ALAN BROWN,

Plaintiffs-Appellants,

versus

MARSHALL SOSKIN, in His Individual Capacity;
HUBBARD S. PARKS, in His Corporate and Individual
Capacity; RUSSELL WILSON, in His Municipal and
Individual Capacity, HUMANE SOCIETY OF BEXAR
COUNTY, SPCA, INC., in Its Corporate Capacity; JAMES
BIAS, in His Corporate and Individual Capacity; WILSON
COUNTY, in Its Municipal Capacity; JUDY FLEMING, in
Her Official and Individual Capacity, EVA S. MARTINEZ,
in Her Official and Individual Capacity; MARVIN QUINNEY,
in His Official and Individual Capacity; BILL C. WHITE,
in His Official and Individual Capacity; DAVID PEEPLES,
Judge, in His Official and Individual Capacity; EMILO
FLORES,in His Official and Individual Capacity; JOE D.
TACKITT, in His Official and Individual Capacity; LYNN
ELLISON, in His Official and Individual Capacity; JOHN
W. PRIMOMO, Magistrate Judge, in His Official and
Individual Capacity; WILLIAM BLAGG, in His Official
and Individual Capacity; ORLANDO L. GARCIA, Judge,
in His Official and Individual Capacity; CHARLES SMITH
FRIGERIO, in His Official and Individual Capacity; PAW
MCGRAW & ASSOCIATES, INC., in Its Corporate Capacity;
PAM MCGRAW, in Her Corporate and Individual Capacity;
DOES 1-100, as Their Identities Become Known,

Defendants-Appellees.

---

Appeal from the United States District Court for
the Western District of Texas
(USDC No. SA-03-CV-944)

_____

Before REAVLEY, JONES and PRADO, Circuit Judges.

PER CURIAM:*

     As the state court proceedings which Appellants attempted to prevent have concluded, all issues related to Judge Furgeson's alleged abuse of discretion in denying the Temporary Restraining Order are deemed moot. Judge Furgeson's actions in no way violated any canon of judicial ethics. Nor did he err in continuing to act after a motion for recusal was filed. Judge Furgeson possessed authority under 28 U.S.C.§ 455 and 28 U.S.C.§ 144 to rule on the legal sufficiency of the facts alleged to show bias or prejudice. Davis v. Board of School Comm'rs of Mobile County, 517 F.2d 1044, 1051 (5th Cir.), reh'g denied 521 F.2d 814, cert. denied 425 U.S. 944 (1975). Judge Furgeson's authority to issue orders in this case continued until there was notice of appeal from the final judgment. In re Transtexas Gas Corp., 303 F.3d 571, 579 (5th Cir. 2002).

---

*Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

After examining the record, we find no error of Judge Furgeson. The appellants have pursued complaints in the district court and this court that have no arguable legal merit. Only because they act pro se without legal advice sanctions will not be ordered.

The motion for sanctions is DENIED.

The district court's judgment is AFFIRMED.